UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT)

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Crim. No. 17-cr-00667-GJH |
| DAVON CARTER | * |

\* \* \* \* \*

## DAVON CARTER'S MOTION TO SEVER COUNTS

Defendant Davon Carter, by and through counsel, moves this Honorable Court, pursuant to Rules 8 (a) and/or 14 of the Federal Rules of Criminal Procedure, to sever the unrelated narcotic offense from the remaining counts (witness retaliation/tampering/murder) from the trial of the remaining counts in his indictment. In support he states the following.

## FACTS

1. Mr. Carter is currently charged in the above-captioned case with Conspiracy to Murder a Witness (Retaliation) in violation of 18 U.S.C. § 1513(f), Witness Retaliation Murder in violation of 18 U.S.C. § 1513(a)(1)(b), Conspiracy to Murder a Witness (Tampering) in violation of 18 U.S.C. § 1512(k), Witness Tampering Murder in violation of 18 U.S.C. § 1512(a)(1)(A), Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g), and Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(2) and (b)(1)(D).

2. Rule 8(a) of the Federal Rules of Criminal Procedure provides:

> **(a) Joinder of Offenses.** Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

ARGUMENT

Severance of count six from the remaining counts in the indictment is required. There is no connection between the narcotics offense and the remaining witness related offenses alleged in the indictment.[1] There must be limits to joinder of offenses because joinder of unrelated charges creates the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense. The United States Court of Appeals for the Fourth Circuit has consistently held that Rule 8(a) "permits 'very broad joinder'" in order to avoid wasting judicial resources, but the rule's broad reach is "not infinitely elastic." *United States v. Hawkins*, 776 F.3d 200, 206 (4th Cir. 2015) (quoting *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003)). Joinder is not proper when the only connection between the counts is the defendant. *Hawkins*, 776 F.3d at 209 (citing *United States v. Cardwell*, 433 F.3d 378, 387 (4th Cir. 2005)); *Mackins*, 315 F.3d at 412–413. There must be limits because the "joinder of unrelated charges 'create[s] the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense.'" *Hawkins*, 776 F.3d at 206 (quoting *Cardwell*, 433 F.3d at 384–85). The narcotics

---

[1] Count Five, the Felon in Possession of Ammunition is related to the witness counts. The ammunition charged is the bullet recovered from the murder victim.

offense has absolutely nothing to do with the murder of a potential witness. The witness was to testify in a fraud trial and narcotics had nothing to do with that case. *See, United States v. Hawkins,* 589 F.3d 694, 701-07 (4th Cir. 2009) (joinder of carjacking and use of firearm in furtherance of carjacking counts with factually unrelated felon in possession of firearm count reversible error).

Even if joinder is proper under Rule 8, this Court has the discretion to grant a severance under Rule 14 of the Federal Rules of Criminal Procedure. *United States v. Lane,* 474 U.S. 438, 449, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986). Rule 14, **Relief from Prejudicial Joinder** provides that:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

Evidence related to the narcotics offense would substantially prejudice the defendant. Evidence of being involved in narcotics trafficking would unduly influence the jury as it considers the evidence concerning the very serious witness related offense. This evidence would be totally unrelated to the charges outlined in the other counts and would simply distract the jury's attention, in a very prejudicial way, from the serious (these charges were death eligible)

charges at hand.

WHEREFORE, Mr. Carter respectfully requests that his Motion be granted.

Respectfully submitted,

/s/_____
Christopher M. Davis
Counsel for Davon Carter

Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
(202) 234-7300

/s/_____
Gerald T. Zerkin
*Counsel for Davon Carter*

2025 E. Main Street
Suite 108
Richmond, VA 23223
(804) 921-4885

**Request for Hearing**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, the defendant requests a hearing on the foregoing motion.

/s/_____
Christopher M. Davis

CERTIFICATE OF SERVICE

I hereby certify that this Memorandum was served on all parties of record via the Court's CM/ECF System on this 20th day of August 2018.

/s/_____
Christopher M. Davis