**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. GJH 17-066 |
| | ) | |
| DAVON CARTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CARTER'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE REGARDING HIGHTOWER EVIDENCE

The government has moved *in limine* (1) to be allowed to introduce evidence of phone calls between defendant Carter and Matthew Hightower while Carter was incarcerated, and (2) to bar the Defendants from mentioning that Hightower had not been charged in connection with the subject offenses. (ECF #115).

### I. The Phone Calls Between Carter and Hightower

The problem with the evidence of the phone calls is not just that it will reveal that Carter was previously incarcerated, which is the government's sole focus, but that the phone calls occurred several years before the homicide and, therefore, their probative value is outweighed by countervailing factors.

The government has identified one phone call it wants to introduce and indicates there are two others, all occurring while Carter was incarcerated in 2013-14. The call it specifically identifies occurred in March, 2014. All the calls are, thus, over two years prior to the homicide. The government's theory is that Carter killed Ms. Ashburne by mistake, intending to kill a co-work of Hightower's, who, Hightower believed, had instigated the Medicaid fraud investigation of the company for whom they worked. The motive for the killing, the government argues, was not Carter's, but Hightower's, and Carter did the killing because of their friendship. These

phone calls, the government will argue, demonstrate that Carter understood that Hightower wanted the co-worker killed, or, perhaps, just did it as an unsolicited favor to a friend. Certainly, in the phone call the government has identified, Hightower did not suggest that Carter kill or do injury to the co-worker. In fact, Hightower was charged with Medicaid fraud at the time of these calls and was not indicted for the extortion resulting in death until April 19, 2016. The whole posture of Hightower's case changed after this indictment. To allow these calls to be proffered as proof Hightower wanted the co-worker killed is misleading at best and simply false at worst.

Under Federal Rule of Evidence 403, "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *United States v. Simpson*, 910 F.2d 154, 156-57 (4th Cir. 1990). Remoteness in time reduces the probative value of evidence. *See*, G. Weissenberger, Weissenberger's Federal Evidence, Sec. 403.4, at 73 (1987) ("[a]s a generalization, the more remote a fact from the event sought to be proven, the lower its probative value, . . . ."

The phone calls at issue here are all more than two years prior to the charged conduct, substantially reducing their probative value. At the same time, the evidence will mislead the jury into speculating that Hightower was requesting assistance from Carter in eliminating the co-worker due to her complaint.

In addition, it is unnecessary for the calls to be presented in such a way that they reveal that Carter was incarcerated. They can, and must be, edited to avoid that prejudicial disclosure.

**2. Reference to Hightower Not Being Charged**

Defendant Carter notes only that the government may still open the door to such testimony and argument by its own evidence and argument.

Respectfully submitted,
DEVON CARTER
By: */s/ Gerald Thomas Zerkin*__
    Gerald Thomas Zerkin
    Attorney-At-Law
    Virginia Bar #16270
    2025 E. Main Street, Ste. 108
    Richmond, VA 23223
    (804) 921-4885
    zerkingt@msn.com
/s/_____
    Christopher M. Davis
    Davis & Davis
    1350 Connecticut Avenue, NW
    Suite 202
    Washington, DC 20036
    (202) 234-7300
    cmdavisdc@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that I filed the foregoing Response with the ECF system, this 3rd day of January 2020, which will send a copy thereof to all counsel of record.

    /s/_____
    Christopher M. Davis
    Davis & Davis
    1350 Connecticut Avenue, NW
    Suite 202
    Washington, DC 20036
    202.234.7300
    cmdavisdc@gmail.com